Filed 6/8/21  P. v. Williams CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076235 |
| v. | (Super.Ct.No. FWV19000021) |
| DANTE WILLIAMS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  Affirmed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## I. INTRODUCTION

Defendant and appellant Dante Williams appeals from the judgment entered following this court's remand for resentencing in light of Senate Bill No. 136 (Stats. 2019, ch. 590, § 1) (Senate Bill 136), effective January 1, 2020.  Appointed appellate counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), requesting this court to conduct an independent review of the record, and indicating he has not identified any arguable issues for reversal on appeal following his review of the record.  We also have identified no arguable issues after our own independent review of the record of the proceedings following remand.  We thus affirm the judgment.

## II. BACKGROUND

In March 2019, defendant was convicted following a jury trial of one count of attempted criminal threats (Pen. Code,[1] §§ 664/422, subd. (a); count 1); one count of assault with a deadly weapon, to wit, a knife (§ 245, subd. (a)(1); count 2); and two counts of misdemeanor battery upon a peace officer or other designated official (§ 243, subd. (b); counts 3 & 4).  The jury also found true that defendant personally used a knife (§ 12022, subd. (b)(1)) in the commission of count 1.  In a bifurcated proceeding, the trial court found true that defendant had suffered four prior prison terms (§ 667.5, subd. (b)).

Defendant was sentenced to a total term of seven years with 220 days of credit for time served as follows:  the middle term of three years on count 2, plus one year for each

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

of the four prior prison term enhancements; the sentence on count 1 and its attendant knife use enhancement was stayed pursuant to section 654; and the court ordered terminal disposition on counts 3 and 4.

Defendant subsequently appealed, arguing, in part, the one-year enhancements imposed for the four prior prison terms must be stricken pursuant to Senate Bill 136. The People agreed but argued the matter should be remanded for resentencing. We agreed with the People, remanded to the trial court for resentencing, and instructed the court to strike the four prior prison terms. (*People v. Williams* (Sept. 1, 2020, E072614) [nonpub. opn.].)

On remand, the trial court followed our direction, struck all prior prison term enhancements and sentenced defendant to a four-year state prison term (the court increased the sentence for the assault with a deadly weapon conviction from the middle term of three years to the upper term of four years). The court also granted defendant presentence and postsentence custody credits of 1,418 days. Defendant filed a timely notice of appeal.

### III. DISCUSSION

We appointed counsel to represent defendant on appeal. After reviewing the record, counsel filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the procedural background and potential arguable issues, and requesting this court to conduct

3

an independent review of the record.  We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

We have examined the record and are satisfied defendant's appointed appellate counsel fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

## IV.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

Acting P. J.

We concur:


SLOUGH

J.


MENETREZ

J.